IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PORTER MOORE III,

     Petitioner,

v.                                      Civ. 12-845 JCH/GBW

UNITED STATES OF AMERICA,

     Respondent.

## PROPOSED FINDINGS & RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1.* In his motion, Petitioner raises numerous claims. *Id*. Having reviewed the pleadings and record before the Court, I recommend that this Court dismiss the Petition.

## I.    BACKGROUND

On September 15, 2011 Petitioner Porter Moore III ("Petitioner"), was a passenger on a Greyhound bus when he was approached by a Drug Enforcement Administration ("DEA") agent, Special Agent Jarrell Perry. *Doc. 13* at 1. Agent Perry searched Petitioner's belongings and found two bottles which, when opened, produced an odor identified by Agent Perry as phencyclidine. *Id.* at 2. Subsequent to his arrest, the grand jury indicted Petitioner on a single charge of Possession With Intent to Distribute 100 grams and more of Phencyclidine (PCP) in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(B).  *See United States v. Moore*, 1:11-cr-2675-JCH ("Underlying

Case").  On February 27, 2012, pursuant to a plea agreement, Petitioner pled guilty to

the lesser included offense of possession with intent to distribute a controlled substance

containing a detectable amount of PCP in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C).  Underlying Case, *docs. 25, 26, 27, 28, 29*.  Petitioner was sentenced on May 22,

2012.  *Id.*, *doc. 35*.  At that time, Petitioner made no factual objections to the Pre-

Sentencing Report ("PSR") (attached as "Exhibit 1").  *Id.* at 2.  Petitioner filed no direct

appeal.  Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence on

July 25, 2012.  *Doc. 1*.  Briefing concluded on the motion on December 7, 2012.  *Doc. 14*.

II.     PETITIONER'S CLAIMS

        Because Petitioner is proceeding *pro se*, his pleadings are read broadly in an effort

to discern any reasonable basis for relief.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  Consequently, the Court will endeavor to parse Petitioner's confusing set of

claims.  However, while a court should construe the pleadings liberally, it should not go

beyond the content of the pleadings and assume the role of attorney for the pro se

litigant.  *Id*.  Petitioner makes a number of claims of ineffective assistance of counsel.

*See doc. 5* at 11.  The Court construes and organizes these often-overlapping claims as

follows:

   1.  Failure of his trial counsel to challenge the laboratory results regarding the
       presence or amount of PCP;

2. Failure of his trial counsel to seek suppression of the bottles because Petitioner was searched on the basis of racial profiling;

3. Failure of his trial counsel to prevent him from pleading guilty on the basis of an information rather than an indictment; and

4. Failure of his trial counsel to object to the PSR which reflected a guideline sentencing range which was incorrect given the amount of PCP involved.

III.   **FAILURE OF PETITIONER'S FIRST THREE CLAIMS**

It is well established that defendants have a Sixth Amendment right to effective counsel during the plea process.  *Padilla v. Kentucky*, 130 S.Ct. 1473, 1486 (2010).  For a petitioner to succeed on a claim of ineffective assistance, he must demonstrate both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (applying *Strickland* to the plea process).  Where a petitioner pled guilty in the underlying criminal case, to prevail in his collateral attack, he must show both that his attorney's performance fell outside "the range of competence demanded of attorneys in criminal cases" *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and that defendant was prejudiced because "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.  A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

Petitioner's first three claims (as categorized above) deal with alleged deficiencies prior to Petitioner's entry of a guilty plea.  However, Petitioner never asserts that, but for counsel's alleged errors, he would have insisted on a trial.  In fact, Petitioner repeated request for relief is that he "be brought back and be sentenced to the 0.13 g of actual PCP that they only had."  *Doc. 1* at 1; *see also doc. 5* at 4-5.  Consequently, each of these three claims fails as a matter of law.  *See Hill*, 474 U.S. at 60.

Indeed, even looking at these claims further shows that, even if counsel had acted correctly as imagined by Petitioner, there is no reason to believe that Petitioner would have proceeded to trial.  With respect to the failure to further challenge the laboratory results by seeking independent testing or otherwise, Petitioner provides no reason to doubt the government's test results.  In fact, Petitioner does not deny that he was in possession of a small amount of PCP.  *See doc. 5* at 12.  And the government's testing is consistent with that assertion showing that he possessed 0.13 g of actual PCP.  Consequently, it is difficult to imagine further testing being relevant to Petitioner's decision of whether to plead guilty.

With respect to the possible racial profiling suppression motion, Petitioner does not provide even the barest factual allegations to support such a motion.  Without such, the putative motion would have no chance of success and no reasonable probability of impacting Petitioner's decision to plead guilty.

4

Finally, with respect to the concern over pleading to an information, the Court notes that the grand jury had already indicted Petitioner for a more serious offense than the charge in the information to which he pled guilty.  Thus, it is impossible that Petitioner suffered any prejudice by pleading to the information.  Instead, he dramatically reduced his exposure by pleading guilty to the information as opposed to the indictment in which he was charged.  Again, this imagined error had no reasonable probability of impacting Petitioner's decision to plead guilty.

Therefore, on these three claims, Petitioner has completely failed to meet the prejudice prong of *Strickland*.

IV.     PETITIONER'S CLAIM REGARDING HIS SENTENCE ALSO FAILS

Petitioner's primary claim is that he was sentenced to a greater sentence due to his counsel's failure to object to the calculation of his base offense level.  In essence, Petitioner contends that, because the actual PCP he possessed was 0.13 grams, his base offense level should not have been calculated at 18.  Petitioner misunderstands the operation of the guidelines in his circumstance.

Petitioner does not dispute that the actual PCP he possessed was dissolved in a liquid.  *Doc. 5* at 12.  While the amount of pure PCP in the liquid was 0.13 grams, the liquid, before the PCP was distilled out, weighed 36.9 grams.  Ex. 1 ¶ 18.  Petitioner does not dispute this measurement of the total mixture.  Under the Sentencing Guidelines, the Base Offense Level for Petitioner's underlying crime was specified in

5

the Drug Quantity Table.  *See* U.S.S.G. § 2D1.1(a)(5).  The Drug Quantity Table provides

that in "the case of a mixture or substance containing PCP …, use the offense level

determined by the entire weight of the mixture or substance, **or** the offense level

determined by the weight of the PCP (actual) … **whichever is greater**." U.S.S.G. § 2D1.1,

Drug Quantity Table, Note B (emphasis added).  At 36.9 grams, the weight of the

mixture or substance corresponds to a Base Offense Level of 18.  *See* U.S.S.G. § 2D1.1,

Drug Quantity Table.  At 0.13 grams, the weight of PCP (actual) corresponds to a Base

Offense Level of 12.  *See id*.  Because the Guidelines dictate that the greater offense level

is used, the proper Base Offense Level was 18.  As his Base Offense Level was calculated

correctly, his counsel was not ineffective for failing to object to it.

## V.    ANY OTHER SUBSTANTIVE CLAIMS ARE BARRED BY HIS PLEA AGREEMENT

As noted above, the Petition is less than clear about the claims being raised.  In

particular, the Petition could be read as raising substantive (ie. not ineffectiveness)

claims in addition to the claims of ineffective assistance of counsel.  To the extent that

Petitioner attempts to make such claims, they are barred by his plea agreement.

Petitioner's plea agreement specifically states that upon entering into the

agreement "Defendant agrees to waive any collateral attack to the Defendant's

convictions pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective

assistance in negotiating or entering this plea or waiver," and that "this plea of guilty is

freely and voluntarily made."  Underlying Case, doc. 27 at 5, 6 (emphasis added).

Except for collateral attacks based on ineffective assistance of counsel or challenging the

validity of the plea, a waiver of collateral attacks will generally be enforced.  *See United*

*States v. Cockerham*, 237 F.3d 1179, 1180-87 (10th Cir. 2001).  This rule, however, is

"subject to the same exceptions that apply to waivers of the right to direct appeal."  *Id*.

at 1187.  Waivers of the right to a direct appeal are reviewed pursuant to the three

prongs set forth in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)

(per curiam).  The *Hahn* test asks: (1) whether the disputed appeal or collateral attack

falls within the scope of the waiver, (2) whether the defendant knowingly and

voluntarily waived his right to appeal or collaterally attack the conviction or sentence,

and (3) whether enforcement of the waiver would result in a miscarriage of justice.  *Id*.

Under the third prong of *Hahn*, a miscarriage of justice occurs where (1) the district

court that approved the waiver relied on an impermissible factor such as race; (2)

ineffective assistance of counsel in connection with the negotiation of the waiver

renders the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the

waiver is otherwise unlawful.  *Id*. at 1327.

　　　To the extent that Petitioner raises any substantive claims, they would fall within

the scope of his waiver into which he knowingly and voluntarily entered.[1]  There is

nothing to suggest that enforcement of his waiver would result in a miscarriage of

---

[1] The only substantive claim which would arguably fall outside the scope of his waiver relates to his claim that his sentence was based upon an erroneous calculation of the sentencing guidelines.  To the extent that Petitioner is making a substantive claim based on this alleged miscalculation, it is rejected on its merits for the reasons described above and not on the basis of waiver.

justice. As such, he has waived any substantive claims not otherwise addressed herein.

## VI.    CONCLUSION

With respect to Petitioner's claims that his counsel was ineffective for

(1) insufficiently challenging the laboratory testing of the PCP, (2) failing to argue for

suppression based upon racial profiling, and (3) allowing him to plead to an

information, Petitioner has failed to establish prejudice by showing a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial but for counsel's alleged deficiencies. Thus, these claims

fail. With respect to Petitioner's claim that his counsel was ineffective for failing to

object to an incorrect application of the sentencing guidelines, the guidelines were

calculated correctly. Because counsel is not ineffective for failing to raise a meritless

objection, Petitioner's claim on this issue also fails. Finally, to the extent that Petitioner

raises other substantive claims, he has waived the right to bring such claims.

Consequently, I recommend that the Court DENY Petitioner's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence, *doc. 5,* and dismiss this case.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**